Good morning, Your Honor. My name is Jennifer Marquez, and I am counsel for the non-party state employees in this matter. Pursuant to the Court's October 2nd order, I'm prepared to first address the question as to whether or not the appeal is moot, unless you prefer that I move on to the merits of the appeal. I would think it would be helpful to start on the mootness issue. Okay. A judiciable controversy exists so long as a court can fashion some form of effective relief. Although there has been an oral agreement for settlement in this matter, there's been no written settlement agreement that has been executed as far as I know. So if I understand it correctly, you've got an agreement in principle. Correct. You just don't have the documentation yet. Correct. And there has been no dismissal filed with the lower court. Sure. What is the timetable that you reasonably expect? Well, Your Honor, because I'm a non-party in the settlement agreement, I don't have that information. Okay. The settlement is with the doctor, right? Correct. Dr. Ann Warren. And you don't represent the doctor. Correct. Okay. So the non-parties are still bound by the district court's order to compel production of documents. So this Court could grant relief for the non-parties' favor, reversing that order compelling production. Secondly ---- Why is the situation where, like normal discovery dispute situations with non-parties is that there has to be the party has to refuse to produce, be held in contempt and then give rise to the appeal from the contempt order? Why shouldn't we adopt that normal situation in this context? Well, in this situation, there was a district court's final order to compel production. There always is in the third-party discovery dispute type situations. Correct. Well, in this case, because the issue that I will be getting to in a moment is an important issue for the Department of Corrections to be resolved, we ask that the Court grant relief in this matter. It's regarding Eleventh Amendment immunity. There's conflicting authority among the Eastern District Courts, and it's important to the Department to have this issue resolved, which is why we would be asking you in this unique situation. Wouldn't a better argument in regards to the mootness be is that the injury that has occurred under the Eleventh Amendment or under state sovereign immunity has already occurred, and therefore, it is justiciable at this point in time because the injury has occurred? Correct. The injury has occurred, and this is a situation where we feel that it falls into an exception to the mootness doctrine where it is capable of repetition, but it will be evading review. I'm not sure I understand your answer to either point. I mean, injury may have occurred in every case that something happens that moots it. And if it's moot, it's moot. We can't advise on even injury that occurs if there's no live controversy remaining as to the first part of your answer and as to the second part of the answer. Why? Because in the next piece of litigation where there's a discovery order against the State, it can make the same, it can articulate the same position, can't it? Well, as to your first point as to the injury, this, the Department has a reasonable expectation that this, the same injury and party will suffer the same injury in the future, and therefore, they have a right to have. So they can challenge it in the future, can't they, when there's a live controversy? Yes, but this is a situation where, as to the second factor, it will evade review as it has in this case because the nonparties just settled it. I mean, that's not something that's always going to happen. Well, the nonparties don't have control over the underlining case. The underlining case can settle at any point, and the nonparties don't have control over when a case is resolved. So if they're trying to challenge that issue before the court, it could get resolved before the issue is heard. Okay. Are you saying that the injury is continuing because the injury is the presence of the State within the Federal court? Yes, because the Department of Correction routinely receives third-party subpoenas and has a reasonable expectation. But also, even in this case, it's still purportedly within the jurisdiction of the Federal court, even at this point in time. Correct. But at this point in time, we're being ordered to compel documents, and we're seeking relief to have the issue resolved as to whether or not the Eleventh Amendment immunity and State sovereign immunity implies to the facts of this case. Are there no further questions on the mootness? I was prepared to move on to the merits of the appeal. By the way, did you reserve any time? I'd like to reserve two minutes. Okay. The Eleventh Amendment and State sovereign immunity should bar third-party subpoenas served to nonparty State employees in their official capacities for production of State documents and deposition testimony. United States Supreme Court authority supports the nonparty's position. First, in 1993, the Supreme Court in Puerto Rico-Aqueduct, in discussing the intent of the Eleventh Amendment, concluded that the very object and purpose of the Eleventh Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals in the instance of private parties. The Eleventh Amendment is not coextensive with State sovereign immunity, is it? Excuse me? The Eleventh Amendment is not coextensive with the extent of State sovereign immunity, is it? No, it doesn't, but it doesn't limit State sovereign immunity. In other words, you're arguing both under the Eleventh Amendment and State sovereign immunity. Correct. Correct. In 1996, the Supreme Court in Seminole Tribe v. Florida determined that a State's immunity from suit under the Eleventh Amendment is not limited to monetary awards or Federal court judgments that must be paid from the State's treasury. And more recently, in Alden v. Maine. In other words, you're arguing the dignity aspect of the State sovereign immunity. Yes, Your Honor. Okay. And more recently, in Alden v. Maine, the Court determined that the sovereign immunity of the State far exceeds the little words of the Eleventh Amendment. Specifically, the Supreme Court in Alden explained that the sovereign immunity of the State neither derives from nor is limited by the terms of the Eleventh Amendment. What's the extent of the immunity? Excuse me? What is the extent of the immunity? In 1983 actions, the Court has determined or Congress has determined that the States and State officials enjoy sovereign immunity. But in this situation, the basis of the underlying suit is more or less irrelevant since the request was for documents from the State. So therefore, the fact that it was asked in the context of the 1983 situation couldn't be asked in any other context, couldn't it? So why are you focusing on the situation as per 1983? Because the underlying case is a 1983 action, and that's the action that the plaintiffs are seeking documents to support their case. Although a State isn't a party, a State isn't subject to any liability, what part of the Eleventh Amendment says that a State employee doesn't have to answer a subpoena if the employee holds evidence that the Court, the Federal Court needs for a pending case? Well, Your Honor, the State employee does not possess the documents as an individual. They do possess the documents as an official for the State. And because they are being compelled to produce documents as a State official, it is essentially compelling the State to respond to the subpoena, which would be covered under State sovereign immunity and Eleventh Amendment. At this time, I have a little less than two minutes and would like to reserve that time for rebuttal. Certainly. Thank you. Ms. Omega. Good morning, Your Honors. May it please the Court, Sandra Zuniga of Bingham & Cutchin on behalf of Appellee Brenda Allen. This Court should affirm the District Court's ruling for the following three reasons. First, a Federal subpoena is not a suit against a State. Two circuits have already mandated that State officials who are not parties to an action reply to Federal discretion. Does the State sovereign immunity doctrine require a suit? The Eleventh Amendment, I understand, uses the word suit. But does the State sovereign immunity doctrine require a suit? The State sovereign immunity doctrine is broader and was, in fact, for the purpose of preventing individual suits against States. And it did, it did, it was created for the purpose of a suit. And all of the cases that discuss State sovereign immunity, as well as all the cases that are relied on by the appellants, are all cases where there were suits specifically against a State or a State agency. And that is not the case here. Here we have a Federal subpoena. A suit could be brought against a State for the production of the documents, in which case, at the end, if the State wins, I'm sorry, if the private party wins, they get an order against the State to produce the documents. Here, you've cut out the middleman. You have the subpoena, which is more or less an order from the Court to produce documents. Why doesn't that fall within the purview of either the Eleventh Amendment or the State sovereign immunity doctrine? Well, both the Eleventh Amendment and State sovereign immunity are for the purpose of avoiding liability or a remedy imposed upon the State. How do you consider it, as the Supreme Court recently has in a line of cases starting with, well, certainly with Seminole Tribe, that it's the dignity aspect of sovereign immunity that is the important aspect of this whole line, apparently? There is a dignity aspect, but the dignity aspect, as discussed in Alden, is for the purpose of avoiding the situation where private individuals can essentially control the State's purse by filing suits against it. And Alden explicitly talks about That's not exactly correct. That may have been prior, but I think in Seminole Tribe, et cetera, dignity is considered to be, it's the dignity of the sovereign, which is, you know, not necessarily related to its purse. It is the dignity of the sovereign, but again, I believe that the dignity goes to the idea of controlling the States and the States having their own political independence. And ministerial tasks And so why doesn't a discovery subpoena served upon a State official in its official capacity raise that? Because they are purely ministerial tasks asking State officials to go about their jobs, as Alden says, requiring no discretion. But the State has taken the position that it is declining to produce the documents. Why is it ministerial at that point? It's ministerial because Why is it ministerial in the sense that there is an obligation? It's ministerial because it's only asking State officials to go about their normal business. And Alden describes specifically that the Eleventh Amendment So any request for a production of documents from any person, any official person, is simply a ministerial act? I would agree. And I agree that that Case do you have that supports that proposition? It's the ministerial tasks is cited in Alden. And that would be Case I at 506. And they specifically say that while the Eleventh Amendment does Alden, Alden at 506? Sorry, Henry Ayers at 506. Henry Ayers?  Give me the site again. It's just Henry Ayers. I know, but what's the site? The site would be 123 U.S. 443 at 506. It's an 1887 U.S. state. Thank you. Why do you care? We care because in this case to hold for the appellants would effectively immunize State officials. I mean, you're out of this, right? Well, we actually have not settled the case yet. As they stated, we do have a settlement in principle. And so while I do not expect that to fall through, there is a situation where if that fell through, we'd have a situation where you could never effectively get discovery of State records that are necessary in suits. Yeah, but that can be decided in a case where it's going to make a difference and affect the outcome. If this case is settled, it's a dead duck. And so it's a fascinating issue. I'm very interested in the conversation that you're having, in which I'm not going to participate because I think it's just gratuitous. I would agree with you, Your Honor. I believe while it is not currently moot, the mootness doctrine does prevent the appellate courts from hearing cases that are no longer live controversies. And I don't believe that the capable of evading or that the capable of repetition and evading review standard applies here once the case is dismissed because the duration of the appellate process is not something envisioned as an extraordinary circumstance that has a specific duration, such as pregnancy, such as elections. So I do believe that, yes, once this case is dismissed, it would be moot and this Court could not hear it. I do want to touch again on the consequences of holding for the appellants in this case. Ruling for the appellants not only would overturn the district court's order and not accord with other circuits and Supreme Court, not necessarily Supreme Court holdings, but the theme of the Supreme Court case is an Eleventh Amendment, but it also would create a situation where you effectively could never have discovery of State records. In this case, we're trying to get a State investigation into medical malpractice by a doctor that ultimately concluded. Well, you certainly could if the State was a party. The State was not party. No, but you made a broad statement. That statement isn't true if the State was a party. So in other words, you're only talking about the situation where the States are not a party. In other words, they're third parties. They have no interest. You're correct. In the situation where they are not a party, where there is no risk of liability as there is not here, Your Honors, you have the situation where the State is holding on to documents that are absolutely essential for the determination of Federal claims. In this case, 1983, but as you mentioned earlier, any Federal claim really that revolves on State records. Here we have a State investigation that goes exactly to the fact that this doctor committed malpractice. They terminated the doctor's contract because of the State investigation. The only records that we have are records from the doctor of his procedures, but we also. Yes, but the plaintiffs have simply filed a lawsuit against the State for the documents. I believe not, because in that case we would be seeking a suit against the State, although that wouldn't comply, and I agree. If you'd like me to answer that question, I'd be happy to look at that specifically and file supplemental briefings on that. I don't think that would be necessary. Okay. So going back to the consequences of this, not only would it not accord with what other circuit courts have held and what the principle of 11th Amendment unity is meant to avoid, but you would create this situation where you could never have examination of State records, because the State non-party custodians of records would be controlling the very documents which would best evidence the liability of State individual officials. In this case, you often have people who are working right down the hall from each other, one who controls the documents. But wouldn't you make the same argument about the reason why in 1983 actions you can't sue the State monetarily? That is in part a drastic position, but it is one that the Supreme Court has said is mandated by the 11th Amendment. I think that that does go back to the issue of liability. And if you are seeking a 1983 action against the State, you're seeking to – you are seeking liability and you are seeking to get a judgment for a remedy against the State. And that's very different than the situation that we're in now, where we only have non-party custodians of records who are holding documents that are evidence in a completely separate lawsuit. So I do just also want to touch upon the fact that subpoenas are not suits against the State, and that really is important here. The 11th Amendment does bar suits against the State. It does not bar ministerial tasks. There are a whole line of cases that support that, holding that, you know, that discovery is not a suit against the State. You've got Seventh Circuit opinions. You've got Eighth Circuit opinions. You've got district court opinions from a variety of cases, and all of them have enforced Federal discovery against non-party State officials. But then you have a Fourth Circuit case that goes contrary to those. I mean, you have Barnes. You have the In re, Missouri Department of Natural Resources. You don't have Comstat court, though. That's the Fourth Amendment case that goes against that. Well, Comstat was a different situation. Well, I mean, they're all slightly different than what we have here. They are slightly different situations, and I do believe that Comstat involved the sovereign immunity of a Federal agency rather than a State entity pursuant to the 11th Amendment. So it wasn't held to control in a wrist of records. And that is a different situation, because Federal immunity is very different than 11th Amendment and State immunity. And that ---- Which is different from Indian tribe immunity, which is different from ---- It is. All three of them are different immunities. Indian tribe immunity, as the appellants rely on here, is not controlling this issue. Their reliance is misplaced, because Indian tribal sovereign immunity have very different underpinnings. Indian tribal immunity is, you know, is assumed to be there unless it has been abrogated by Congress or waived. So if you look at, for example, in James, the question wasn't presented as ---- the question wasn't addressed as to whether a suit specifically is not part of 11th Amendment immunity. The question there that was really examined was the defendants were asserting that there was no tribal immunity in this action, essentially, and that is the quote from James. And so the James court looked and said whether Section 1153 was an abrogation by Congress of 11th Amendment immunity. It wasn't. James also looked at the fact as to whether a tribal ---- whether a tribe could waive its immunity as to one department and not another department. And they held that waiver of documents from the Department of Housing Authority did not constitute waiver as to all documents, including documents from health services. And that is very different, because that is not something that is proper in State immunity.  Thank you. Thank you. Thank you. I don't see you. Mr. Marquez. I'm going to indicate to you better address the mootness issue, because that's pretty much going to be determinative at this point. I'm sorry. Excuse me? I said you should really address the mootness issue, because that's pretty much determinative at this point in time. And the argument that this is a situation which is capable of repetition, but fleeting and therefore could not be addressed, you know, in other cases, I don't think is going to cut it at this point. So what is your other arguments as to why this case is not moot? It would be that the Court can fashion some sort of relief in this case for the non-parties. This is an issue. This is an issue that there is a reasonable expectation that it will come up again. And the Court needs the Department of Corrections needs this issue to be resolved. There's conflicting rulings within the Eastern District Court. You have Judge England's order, who says that the Eleventh Amendment bars third-party subpoenas from State. That's a Gonzales matter. That arises in a slightly different context, because actually it was the magistrate judge who basically made that determination, and then he gave certain reasons as to why the Eleventh Amendment would not apply. And the district court judge addressed those issues, but not really the underlying issue of the Eleventh Amendment. But his case law still supports the position. Such as it is. Excuse me? Such as it is. It still supports the position that the Eleventh Amendment immunity does bar third-party subpoenas to State officials in their official capacity. And because this is an issue that's going to keep coming up, the Court can fashion some sort of relief. Whether or not the decision is for or against the Department is essentially the relief that the Department seeks in this case. What do you think is the policy behind the old common law prejudice against advisory opinions? They're not — if an opinion isn't closely contested from a — from true adversary positions, somebody is likely to go into court and take a fall on a question like this, an interesting question, and create a precedent that will be a hazard to navigation for many years. And so we — we look for a case where somebody has been held in contempt for refusing to answer a subpoena. He's seriously trying to stay out of jail. He comes in and argues that he has immunity. And then — then we can decide the question. It wouldn't be an advisory opinion. It would be a live case between contestants who really cared about how it would come out. Why — why should we let the State fish around here in this case for an advisory opinion that they can use in the future on telling their doctor down at Atascadero that he doesn't have to keep records and give them to the plaintiff's attorney when a patient dies during a prefrontal lobotomy that he didn't ask for? Well, Your Honor, I still believe that the Department, although has suffered an injury, it is an injury that will keep occurring in the future, and therefore it wouldn't be an advisory opinion because the issue is not moot. It is a live controversy. It's an issue that is going to keep coming up, and the Department needs this issue to be resolved. Okay. Thank you, Counsel Lova. Thank you. For your argument in the matter I just argued will be submitted.
judges: Wu, Goodwin, Rymer